IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, # 213823, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv797-WHA |
| ) | (WO) |
| DEWAYNE ESTES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on July 22, 2013, by Rashad C. Lee ("Lee"), an Alabama inmate currently incarcerated at the Limestone Correctional Facility.[1] Lee challenges his conviction for murder imposed upon him by the Circuit Court of Bullock County, Alabama, on November 2, 2000. Lee is serving a life sentence for this conviction.

**DISCUSSION**

A review of the records of this court indicates that Lee has filed at least two previous

---

[1] Lee filed this petition in the United States District Court for the Northern District of Alabama. That court transferred the petition to this court on September 3, 2013, pursuant to 28 U.S.C. § 2241(d). Although Lee styles his petition as one for relief under 28 U.S.C. § 2241, he attacks the judgment of a state court pursuant to which he is in custody, and therefore his petition is subject to 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1054, 1062 (11th Cir. 2003); 28 U.S.C. § 2254(b)(1). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Lee does not offer a valid reason for bringing his request for relief under § 2241 rather than under § 2254. Instead, he simply launches into the reasons he believes his conviction should be overturned. Thus, the court will treat Lee's instant application for habeas corpus relief as one filed pursuant to § 2254 and will apply any procedural restrictions contained in 28 U.S.C. § 2254 to the petition.

habeas corpus petitions under 28 U.S.C. § 2254 challenging his 2000 murder conviction. Lee filed the first such habeas petition on September 30, 2005. *See Lee v. Mitchem, et al.*, Civil Action No. 2:05cv968-WKW (M.D. Ala. 2006). In that action, this court denied Lee relief from his Bullock County murder conviction, finding his habeas application to be time-barred under 28 U.S.C. §2244(d). (*Id. at Doc. Nos. 22, 26, and 27*.) Lee filed a second habeas petition under § 2254 in this court on March 19, 2009. *See Lee v. Giles, et al.*, Civil Action No. 2:09cv234-TMH (M.D. Ala. 2009). This court dismissed that petition under the provisions of 28 U.S.C. § 2244(b)(3)(A), because it constituted a second or successive habeas petition that Lee had filed without first obtaining the required authorization from the Eleventh Circuit Court of Appeals. (*Id. at Doc. Nos. 5, 12, and 13.*)

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

The pleadings and documents filed in this case do not reflect that Lee has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this

court to consider a successive application for habeas relief.  "Because this undertaking [is at least Lee's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Lee be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) because Lee has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that **on or before November 27, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of November, 2013.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE